

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX: 304-347-5104*

May 24, 2022

Jason Goad, Esq.
McClure Goad P.L.L.C.
401 10th Street, Suite 350
Huntington WV 25701

FILED
JUN 28 2022

Re: *United States v. Derrick Woodard*
Criminal No. 5:22-cr-00046-2 (USDC SDWV)

Dear Mr. Goad:

This will confirm our conversations with regard to your client, Derrick Woodard (hereinafter "Mr. Woodard"). As a result of these conversations, it is agreed by and between the United States and Mr. Woodard as follows:

1. **PENDING CHARGES.** Mr. Woodard is charged in two counts of a 19-count indictment as follows:

   (a) Count One charges Mr. Woodard with a violation of 18 U.S.C. § 371) (conspiracy to travel interstate with the intent to engage in dealing firearms without a license); and

   (b) Count Two charges Mr. Woodard with a violation of 18 U.S.C. § 924(n) (interstate travel with the intent to engage in dealing firearms without a license).

2. **RESOLUTION OF CHARGES.** Mr. Woodard will plead guilty to Count Two of said indictment, which charges him with a violation of 18 U.S.C. § 924(n). Upon final disposition, the United States will move to dismiss Count One as to Mr. Woodard.

DW
_____
Defendant's
Initials

Jason Goad, Esq.  
May 24, 2022                          Re: Derrick Woodard  
Page 2

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Woodard will be exposed by virtue of this guilty plea is as follows:

(a) Imprisonment for a period of up to 10 years;

(b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of 3 years;

(d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

(e) An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

4. **SPECIAL ASSESSMENT.** Mr. Woodard has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Woodard agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

5. **PAYMENT OF MONETARY PENALTIES.** Mr. Woodard authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Woodard agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full

_DW_  
Defendant's Initials

Jason Goad, Esq.  
May 24, 2022                              Re: Derrick Woodard  
Page 3

immediately, Mr. Woodard further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Mr. Woodard authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time. In addition to any payment ordered by the Court, Mr. Woodard shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Woodard agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program ("FLP"), P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLP immediately of his representation.

6. **COOPERATION.** Mr. Woodard will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Woodard may have counsel present except when appearing before a grand jury. Further, Mr. Woodard agrees to be named as an unindicted co-conspirator and unindicted aider and abettor, as appropriate, in subsequent indictments or informations.

                                                                   _DW_  
                                                                   Defendant's Initials

Jason Goad, Esq.
May 24, 2022                                                Re: Derrick Woodard
Page 4

    7.    **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Woodard, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against her, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

    8.    **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Woodard for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Woodard for perjury or false statement if such a situation should occur pursuant to this agreement.

    9.    **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Woodard stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

    Mr. Woodard agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by her, and he is subsequently tried on any of the charges in the indictment, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Woodard or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Woodard knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts

                                                                                                                *DW*
                                                                                                 Defendant's
                                                                                                 Initials

Jason Goad, Esq.
May 24, 2022                                    Re: Derrick Woodard
Page 5

cannot be used by the United States. The United States and Mr. Woodard understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

    10. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Woodard knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. Woodard also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that the statute of conviction [18 U.S.C. § 924(n)] is unconstitutional, and (2) Mr. Woodard's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 18 U.S.C. § 924(n).

    The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

    Mr. Woodard also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

_DW_
Defendant's
Initials

Jason Goad, Esq.  
May 24, 2022                                Re: Derrick Woodard  
Page 6

    11. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Woodard knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    12. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a) Inform the Probation Office and the Court of all relevant facts and conduct;

    (b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c) Respond to questions raised by the Court;

    (d) Correct inaccuracies or inadequacies in the presentence report;

    (e) Respond to statements made to the Court by or on behalf of Mr. Woodard;

    (f) Advise the Court concerning the nature and extent of Mr. Woodard's cooperation; and

    (g) Address the Court regarding the issue of Mr. Woodard's acceptance of responsibility.

    13. **VOIDING OF AGREEMENT.** If either the United States or Mr. Woodard violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

                                                         _DW_  
                                                        Defendant's Initials

Jason Goad, Esq.  
May 24, 2022                                Re: Derrick Woodard  
Page 7

14. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Woodard in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Woodard in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                               WILLIAMS S. THOMPSON  
                               United States Attorney

By: _____  
                               NEGAR M. KORDESTANI  
                               Assistant United States Attorney

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 8-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____      05/31/2022  
DERRICK WOODARD                            Date Signed  
Defendant

_____      5-31-2022  
JASON GOAD, ESQ.                           Date Signed  
Counsel for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**UNITED STATES OF AMERICA**

v.                                          CRIMINAL NO. 5:22-cr-00046-2

**DERRICK WOODARD**

### STIPULATION OF FACTS

The United States and Derrick Woodard (hereinafter "defendant," "me," and "I") stipulate and agree that the facts comprising the offense of conviction (Count Two of the Indictment in the Southern District of West Virginia, Criminal No. 5:22-cr-00046-2), and the relevant conduct for that offense, include the following:

#### Offense Conduct

On or about October 17, 2020, I traveled from Philadelphia, Pennsylvania to Beckley, West Virginia with Bisheem Jones, also known as "Bosh," Shyheem Woodard-Smith, also known as "Peanut," also known as "Nut," and Hassan Abdullah, also known as "San." I traveled to Beckley in order to obtain firearms, which Jones, Woodard-Smith, Abdullah, and I intended to resell for a profit in Pennsylvania.

On that same date, Jones, Woodard-Smith, Abdullah, and I obtained several firearms from Flat Top Arms in Beckley. We later transported those firearms to Philadelphia in order to resell them for a profit and without a federal firearms license.

#### Relevant Conduct

From early 2020 through at least mid-2021, Jones, Woodard-Smith, Abdullah, and I obtained dozens of firearms in the Southern District of West Virginia to transfer out of West Virginia for resale in Pennsylvania.

*DW*
Defendant's
Initials

**PLEA AGREEMENT EXHIBIT A**

## Stipulations

The United States and defendant stipulate and agree to the following:

Beckley, Raleigh County, West Virginia is in the Southern District of West Virginia.

Flat Top Arms is a Federal Firearm Licensee, licensed under the provisions of Chapter 44 of Title 18 of the United States Code.

At no time have I been licensed under the provisions of Chapter 44 of Title 18 of the United States Code as a manufacturer, importer, or dealer in firearms.

This Stipulation of Facts does not contain each and every fact known to the United States and the defendant concerning his involvement and the involvement of others in the charges set forth in the Indictment and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea.

Stipulated and agreed to:

_____  05/31/2022
DERRICK WOODARD                  Date
Defendant

_____  5-31-22
JASON GOAD, ESQ.                 Date
Counsel for Defendant

_____  6/27/22
NEGAR M. KORDESTANI              Date
Assistant United States Attorney

Defendant's Initials

PLEA AGREEMENT EXHIBIT A

2